UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY CASTERLOW-BEY,

        Plaintiff,

v.

PIERCE COUNTY SHERIFF ET. AL.,

        Defendants.

Case No. C17-5587-BHS-TLF

ORDER CONSOLIDATING CASES AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Another civil rights action brought by plaintiff pursuant to 42 U.S.C. § 1983, *Casterlow-Bey v. Pierce County Sheriff et al.,* 17-cv-5723 is also before the court. Plaintiff is currently incarcerated at Pierce County Jail and is proceeding with both actions *pro se* and *in forma pauperis*. As discussed below, the court finds that consolidation of these cases is appropriate.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte. In re Adams Apple., Inc. v. Central Washington Bank*, 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may be

ORDER CONSOLIDATING CASES AND DIRECTING
PLAINTIFF TO FILE AN AMENDED COMPLAINT - 1

ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972, v. Eastern Airlines, Inc. et. al.* 549 F.2d 1006 (5th Cir. 1977).

The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. *Investors Research Co. v. United States Dist. Ct.,* 877 F.2d 777 (9th Cir. 1989); *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The Court has reviewed plaintiff's Amended Complaints[1] in both cases and finds they present significant overlapping claims and issues. Based on the Court's examination of these actions, the cases require application of similar laws, and involve similar facts and parties. Thus, the Court finds that consolidation may result in judicial economy and convenience, and may reduce confusion. Furthermore, the Court does not foresee a substantial likelihood of delay or prejudice resulting from consolidation at this early stage of the proceeding. Accordingly, the Court, hereby **ORDERS** as follows:

---

[1] Plaintiff has filed an Amended Complaint in Case No. 17-cv-5587-BHS-TLF and a Motion for Leave to File an Amended Complaint in Case No. 17-cv-5723-BHS-TLF. Pursuant to Federal Rules of Civil Procedure (FRCP) 15, "a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the complaints have not yet been served and, as such, plaintiff may amend his pleadings as of course without seeking leave of the court. Any cause of action alleged in the original complaints that is not alleged in the amended complaints is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

(1) Although permission of the court is not required, to the extent plaintiff has designated his Amended Complaint in Case No. 17-cv-5723-BHS-TLF as a Motion for Leave to File an Amended Complaint (Dkt. 5), that motion is hereby **GRANTED**.

(2) Case No. 17-cv-5723-BHS-TLF is consolidated with this action, Case No. 17-cv-5587-BHS-TLF. This action shall remain as the lead case. All future filings shall bear Case No. 17-cv-5587-BHS-TLF.

(3) Plaintiff is directed to file one amended complaint setting forth all claims in this consolidated matter on or before February 12, 2018.

Dated this 11th day of January, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER CONSOLIDATING CASES AND DIRECTING
PLAINTIFF TO FILE AN AMENDED COMPLAINT - 3